**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4569-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTOPHER D. ERAZO,

    Defendant-Appellant.

_____

> Submitted October 14, 2020 – Decided October 23, 2020
>
> Before Judges Fisher and Moynihan.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 12-11-1979.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant was charged with first-degree murder, first-degree robbery, and other offenses, arising from the shooting death of Chad Edgehill in Jersey City on March 29, 2012. Pursuant to a negotiated agreement, defendant pleaded guilty in October 2013 to first-degree aggravated manslaughter; in exchange, the State agreed to dismiss the other charges and to recommend no sentence greater than a twenty-five-year prison term.[1] Defendant was sentenced in December 2013 to a twenty-four-year prison term subject to an eighty-five percent period of parole ineligibility. In his direct appeal, defendant argued the sentence was excessive. We disagreed and affirmed. State v. Erazo, No. A-4607-13 (App. Div. Oct. 1, 2014).

In August 2018, defendant filed a pro se post-conviction relief (PCR) petition that was later supplemented through the efforts of appointed counsel. After hearing only the argument of counsel, the PCR judge denied the petition on April 18, 2019, and defendant appeals, arguing: (1) he is "entitled to an evidentiary hearing on his claim that trial counsel rendered ineffective assistance of counsel by failing to advocate adequately at sentencing"; and (2) his "guilty plea must be set aside." We find insufficient merit in these

---

[1] In his testimony at the plea hearing, defendant acknowledged he and another agreed that, on the pretense of selling him a gun, he and his cohort would rob and then shoot the victim. Defendant's cohort was the shooter.

arguments to warrant further discussion, R. 2:11-3(e)(2), adding only the following brief comments.

The Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee an accused the effective assistance of counsel at all critical stages. A sentencing proceeding is a critical stage. See State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002); State v. Giorgianni, 189 N.J. Super. 220, 230 (App. Div. 1983). Defendant claims his attorney failed to present evidence about his mental health issues and urge application of the fourth statutory mitigating factor, N.J.S.A. 2C:44-1(b)(4), which might have lessened the sentence imposed.

In support of this ineffectiveness argument, however, defendant presented to the PCR judge only bare assertions of "mental health issues"; he provided no medical evidence and specifically asserted only that, while in the county jail after his arrest, he was prescribed Vistaril, which he claimed in his PCR petition carries side effects such as dizziness and drowsiness and, in defendant's words, "will sur[e]ly make a person or any person unaware, or know what is going on."[2] The trouble with this assertion is that, even if true, no evidence was presented to suggest that defendant was taking Vistaril or was

---

[2] Defendant offered no evidence to support his claim about the effects of Vistaril.

A-4569-18T4

under its influence when he committed the offense for which he was sentenced. That is, N.J.S.A. 2C:44-1(b)(4) allows a sentencing judge to consider, even when not establishing a defense, whether "[t]here were substantial grounds tending to excuse or justify the defendant's conduct" (emphasis added), meaning, in this case, defendant's commission of aggravated manslaughter, not his condition when he pleaded guilty or when he was sentenced. Likewise, defendant's assertion under oath that he "was seen by a doctor at least four times for mental health issues" further reveals that those doctor visits occurred while he was in the county jail after the shooting and are unavailing because his mental state after the shooting does not demonstrate his mental state during the shooting. In short, defendant presented nothing to suggest he was using Vistaril or that he had been treated or was suffering from a mental health issue prior to or at the time he participated in the shooting. Consequently, trial counsel was not ineffective in failing to make an argument that could not have impacted the sentence imposed. Because he failed to show that his trial counsel's performance at sentencing fell below professional norms, defendant was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992).

We also reject the argument that the PCR judge should have permitted the retraction of the guilty plea because defendant may have been using Vistaril at that time. We agree, substantially for the reasons set forth by the PCR judge in his oral opinion, that defendant's sworn statements in support of such relief lacked: a claim of innocence; an assertion that the medication deprived him of a voluntary or free choice in what he then said; or an allegation that, for any reason, he was unable to understand what he was doing at the time he pleaded guilty. See State v. Slater, 198 N.J. 145, 157-59 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4569-18T4